FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 AUG 15 PM 2:51

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **19 - CV - 02333**
(To be supplied by the court)

__Rasheed Ahmad Yarber_____, Plaintiff

v.

__Regional Transportation District,_____

_____,

_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**EMPLOYMENT DISCRIMINATION COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Rasheed Yarber 5443 Quari Street Denver, Co 80239
(Name and complete mailing address)

(720) 937-4102  rasheedyarber@aol.com
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Regional Transportation District 1660 Blake St Denver, Co 80202
(Name and complete mailing address)

(303) 628-9000
(Telephone number and e-mail address if known)

Defendant 2: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

C. **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

___ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

✓ Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

___ Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

___ Other: *(please specify)* _____

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____

The conduct complained of in this claim involves the following: (*check all that apply*)

    \_\_\_ failure to hire      \_\_\_ different terms and conditions of employment

    \_\_\_ failure to promote      _✓_ failure to accommodate disability

    _✓_ termination of employment      \_\_\_ retaliation

    \_\_\_ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

    \_\_\_ race      \_\_\_ religion      \_\_\_ national origin      \_\_\_ age

    \_\_\_ color      \_\_\_ sex      _✓_ disability

    Supporting facts:

CLAIM TWO: _____

The conduct complained of in this claim involves the following: (*check all that apply*)

- ___ failure to hire
- ___ different terms and conditions of employment
- ___ failure to promote
- ✓ failure to accommodate disability
- ✓ termination of employment
- ___ retaliation
- ___ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

- ___ race
- ___ religion
- ___ national origin
- ___ age
- ___ color
- ___ sex
- ✓ disability

Supporting facts:

10-14-17 • I was selected for a random drug screening. I consumed 4 8oz cups of water. Made numerous attempts to provide a urine sample but unable to do so. I was placed on unpaid leave for 60 days.

• 10-16-17 - I was sent to Concentra for medical evaluation. Doctor Huntress indicated she felt it was a psychological issue. See attached timeline

4

E. ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

✓ Yes (*You must attach a copy of the administrative charge to this complaint*)

___ No

Have you received a notice of right to sue? (*check one*)

✓ Yes (*You must attach a copy of the notice of right to sue to this complaint*)

___ No

F. REQUEST FOR RELIEF
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."* Backpay $90,000 as of 8-15-19
Drug and Alcohol Violation retraction
Letter of recommendation, including retraction

G. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

8-15-19
(Date)

(Revised December 2017)

5

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

Backpay $90,000 as of 8-15-19
Drug and Alcohol violation retraction
Letter of reccommendation including retraction

Date: 8-15-19

_____
(Plaintiff's Original Signature)

5443 Quari St
(Street Address)

Denver, CO 80239
(City, State, ZIP)

(720) 937-4102
(Telephone Number)

December 13, 2018

I was terminated from RTD on 2/23/18. There are several events that led up to this which have unfortunately led us today.

- 10/14/17: I arrived at work for my scheduled Saturday shift. I was selected for a random drug screening. I proceeded to take the test. I consumed the four 8 oz cups of water provided and tried numerous times in the three hours allotted for the test to provide a sample. I was unable to do so. I was sent home indefinitely.
- 10/16/17: I spoke with Sandra Kerr who told me to go to Concentra for a medical evaluation. Ms. Kerr also told me to make an appointment with an SAP. I made the appointment and spoke with the doctor (Dr. Huntress) who indicated that she felt it was a psychological issue. I was sent home.
- 10/19/17: I received information from RTD about contacting the SAP. I did so immediately and scheduled an appointment with Raymond Teske on 10/25/17
- 10/25/17: I attended my scheduled two o'clock appointment with Mr. Teske. He concluded that I should pursue behavioral therapy to further diagnose my issue.
- I set up behavioral health through my healthcare provider. I attended three sessions during the time of my suspension on 11/6/17, 11/16/17 and 11/27/17. I met with Stephanie Jordan. I was diagnosed with paruresis, an anxiety condition that affects an individual's ability to urinate in public and during observation. I was given breathing techniques to try although she could not guarantee the result. It was also recommended that I be allowed to consume more water during the allotted testing time. I did actively participate in all sessions including any homework given.
- 12/5/17: I attended a follow up meeting with the SAP, Mr. Teske. I turned in any doctor's notes and other documentation I had at that time.
- 12/7/17: I went to the Platte division to take a follow up drug test. I was successful in my drug screening. I returned to work on 12/12/17.
- 12/20/17 I received a voicemail from a union representative. This was in response to me asking for union representation to grieve my suspension/failed drug test. The union president, Julio Rivera, said "the union nor the district was able to assist at with the process." I asked and was denied union representation at least twice without further explanation.
- Jan. 2018: I was selected to take another drug screening. I was pulled from my route by Theresa Jenkins and transported back to East Metro. I was permitted to drink an adequate amount of fluids and was successful.
- 2/10/18: I was selected to take another drug screen while on route. I was transpoted from my route by street supervisor . As I began to consume my water I was told to wait until I got to the drug screen room. I got to the drug screen location and was again given the four 8 oz cups of water. I tried to perform the test multiple times in the three hour window. I was unable to perform the test. At the conclusion of the three hour window I was going to be sent back out to my route to complete the day. I was not sent back out due to my shift being nearly completed at the time.

- 2/12/18: I was sent back to Concentra and again saw Dr. Huntress. She reiterated that she felt my issue was psychological and I was again sent home. I was again told to contact the SAP.
- 2/13/18: I arrived to work and drove about half my day. At approximately 3:30pm I was notified by dispatch that I needed to pull over and wait. About 15 minutes later I was met by a street supervisor and was transported directly home.
- 2/19/18: I attended another primary care appointment where I received further documentation detailing my treatments and reasonable accommodation for any further drug testing in the form of alternative testing or being provided more water. I submitted this documentation to the assistant manager Winona Rivera who told me that she had never heard of that condition.
- 2/23/18: I was called in by Winona Rivera and was asked to hand over my employee badge, parking permit and I was then handed my termination letter.

I would like to submit for the record I understand why drug screening is an important to the job. I do not understand why my medical diagnosis and documentation were not considered in my termination. I followed all the necessary steps and did everything RTD management asked me to do. I never refused in any way to take the drug screening. I cannot make my body do what it cannot.

I would also like to submit that I feel there is a conflict of interest between the manager who handled my termination and the union president given the nature of their relationship. I asked for union representation twice and was denied both times. I was denied union representation to attend any meeting with management with me.

The series of events leading up to and following my termination have been unfortunate. No employee should ever experience termination under these circumstances. In the future, it would benefit the District to make these types of accommodations necessary to allow the operators to do their job successfully.

Rasheed Yarber